UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TIMOTHY M.,[1]                               Case No. 17-CV-4664 (NEB/LIB)

         Plaintiff,

v.                                     ORDER ACCEPTING REPORT AND
                                                         RECOMMENDATION
NANCY A. BERRYHILL,
 Acting Commissioner of Social Security,

         Defendant.

---

This matter is before the Court on Plaintiff Timothy M.'s objection [ECF No. 22 ("Pl. Obj.")] to the January 22, 2019 Report and Recommendation [ECF No. 21 ("R&R")] of Magistrate Judge Leo I. Brisbois. Magistrate Judge Brisbois recommends granting Defendant's motion for summary judgment [ECF No. 17] and denying Plaintiff's motion for summary judgment. [ECF No. 13.] Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, submitted a response to the R&R dated February 5, 2019 [ECF No. 23] and, thereafter, filed a response to Plaintiff's objections dated February 15, 2019 [ECF No. 24]. Once a magistrate judge's report and recommendation is filed, a party may "serve and file specific written objections to the proposed findings and

---

[1] As noted by Magistrate Judge Brisbois in the R&R, this District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions. Accordingly, where the Court refers to Plaintiff by his name, only his first name and last initial are provided.

1

recommendations." Fed. R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b). The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and Local Rule 72.2(b). Having closely examined the record and the R&R, the Court concludes that the ALJ's decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). For the reasons set forth below, the Court overrules the Plaintiff's objections and accepts the report and recommendation of the Magistrate Judge.

## BACKGROUND

The factual and procedural history of this case is clearly set forth in the R&R and is incorporated by reference for the purposes of Plaintiff's present objections. While Plaintiff argued first that he was denied a full and fair hearing because his treating psychologist, Dr. Robert N. Wilson, Ph.D, L.P., did not testify and second that the ALJ should have given controlling weight to the opinions of his treating physicians, Dr. Jason Reed, M.D. and Dr. Wilson, the Magistrate Judge found that substantial evidence supported the ALJ's decision that Plaintiff was not disabled as of September 30, 2015, as defined by the Social Security Administration Act. Specifically, the Magistrate Judge determined that: (1) the ALJ's determinations regarding Plaintiff's impairments were supported by substantial evidence in the record as a whole; (2) the ALJ's decision to have Dr. Wilson submit written testimony in lieu of live testimony given the technological

2

difficulties at the hearing was not error; (3) the ALJ properly concluded that Dr. Wilson's medical opinion regarding Plaintiff's limitations was entitled to lesser weight even though he was a treating physician; (4) the ALJ's hypothetical question to the Vocational Expert, Mitchell J. Norman, correctly included all of Plaintiff's limitations and thus, was not error; and (5) the record as a whole supports the ALJ's decision that Plaintiff was not disabled as of September 30, 2015.

Plaintiff objects to the R&R, arguing that the R&R legally erred by: failing to find that Plaintiff had the right to call Dr. Wilson as a witness at the Social Security Disability Hearing, failing to give deference to Plaintiff's treating doctors, and concluding that the ALJ's finding that Plaintiff was not disabled as of September 15, 2015 was supported by substantial evidence. Defendant, the Commissioner of Social Security, urges the Court to adopt the R&R.

## ANALYSIS

I. **Standard of Review**

This Court's review of the Social Security Administration Commissioner's decision is:

> to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). As long as substantial evidence in

3

> the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, *see id.*, or because we would have decided the case differently. *See Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

*McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Several of the issues raised in Plaintiff's objection and motion for summary judgment warrant explanation.

## II. Requirement of a Full and Fair Hearing

Plaintiff argues that he was denied a full and fair hearing because his treating psychologist, Dr. Wilson, was present at the Social Security Disability Hearing but not allowed to provide live testimony due to timing issues caused by an office-wide technical issue with the recording system.

As the Magistrate Judge recognized, the duty of the ALJ to develop the record—with or without counsel representing the claimant—is a widely recognized rule of long standing in Social Security cases:

> Normally in Anglo–American legal practice, courts rely on the rigors of the adversarial process to reveal the true facts of the case. However, social security hearings are non-adversarial. Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case.

*Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004) (citations omitted). Here, the Magistrate Judge correctly determined that Plaintiff's argument is without merit because Dr. Wilson was allowed to submit written testimony in lieu of live testimony as a result of the recording system failure. The Magistrate Judge found that "it is clear that the ALJ considered Dr. Wilson's written testimony and opinions because it is referenced

4

throughout the ALJ's decision." (R&R at 23.) The Court finds that under the circumstances presented, it was reasonable for the ALJ to have Dr. Wilson submit written testimony in lieu of live testimony in order to fully develop the record.

III. **Weight Given to Medical Opinions**

Plaintiff objects to the R&R, arguing that the ALJ gave insufficient weight to the opinion of his treating doctors, Dr. Reed and Dr. Wilson. As set forth in the R&R, a treating physician's opinion is generally entitled to controlling weight if it is well-supported by acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. (R&R at 25 (citing *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004).) However, a treating doctor's opinion "is afforded less deference when the medical evidence in the record as a whole contradicts the opinion itself." *Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999); *see also Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015).

The Magistrate Judge found that the ALJ appropriately considered Dr. Reed's and Dr. Wilson's medical opinions and gave their opinions appropriate weight while ultimately giving more weight to the medical opinions of Dr. Donald Wiger, Ph.D., L.P., the consultative psychologist,[2] and Dr. Charles Grant, M.D., and Dr. Ann Finger, M.D.,

---

[2] The Court takes note of Plaintiff's objection to the R&R on the basis that it refers to Dr. Wiger as an M.D. instead of his correct professional designation as a Ph.D., L.P. (*See* R&R at 17.) The Court also notes one instance in the R&R where the Magistrate Judge incorrectly attributes a medical diagnosis to Dr. Wiger while citing to Dr. Reeds treatment notes in the record. (*See id.* (citing to Admin. R. at 566).) However, the Court finds the

5

the State Agency medical consultants. (*See* R&R at 26.) This Court agrees. The ALJ cited and discussed which medical records he relied on and how much weight he gave the different medical records, which included treatment notes from Dr. Wiger, Dr. Wilson, and Dr. Reed. [ECF No. 10 ("Admin. R.") at 21.)] After an extensive review of Dr. Reed and Dr. Wilson's records and medical opinions, the ALJ found that "the claimant's treating physicians have enthusiastically endorsed the claimant's 'disabling' conditions, while their own clinical records show a stabilization or improvement in the claimant's conditions and functionality." (Admin. R. at 30.) This was acknowledged by the Magistrate Judge: "Dr. Wilson made several inconsistent statements regarding Plaintiff's "'disabling' conditions" and "the ALJ specifically found that [his] opinion was inconsistent with his own treatment notes of Plaintiff." (R&R at 26.) Given the facts of this case, the Magistrate Judge properly found that the ALJ's decision to rely on the testimony and medical records of Dr. Wiger, Dr. Grant, and Dr. Finger over that of Dr. Reed and Dr. Wilson was supported by substantial evidence in the record as a whole.

IV. **Credibility Determination of Plaintiff/Substantial Evidence**

Finally, Plaintiff argues that there is a lack of substantial evidence in the record to support the ALJ's overall determination that Plaintiff is not disabled. Specifically, Plaintiff argues that the ALJ improperly discounted Plaintiff's credibility concerning his

---

R&R's typographical err does not change the result that the ALJ appropriately weighed Dr. Wiger's opinion.

subjective assertions of pain and impairment and that the hypothetical question posed to the vocational expert did not adequately reflect Plaintiff's impairments. (Pl. Obj. at 11.)

In support of his argument, Plaintiff asserts that the Magistrate Judge misconstrued a comment about pain made by Dr. Reed that Plaintiff seemed to be getting better, about 75% better. (*See* R&R at 15.) Even if the Magistrate Judge misconstrued Dr. Reed's medical record notation, the Magistrate Judge correctly stated that it is bound to accept the ALJ's credibility determination regarding Plaintiff's testimony when that determination is supported by good reasons and substantial evidence in the record as a whole. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003)); *see also Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008). Here, Plaintiff's alleged pain symptoms are related to his sarcoidosis. After a thorough discussion, the ALJ determined that "the claimant's medical records as a whole do not sustain his allegations of disabling pain and functional limitation from his impairments." (Admin. R. at 29.) The Magistrate Judge properly found that the ALJ's conclusions with respect to credibility were supported by substantial evidence on the record as a whole.

Finally, Plaintiff argues in passing that the hypothetical question posed to the vocational expert did not adequately reflect Plaintiff's impairments and that the vocational expert testimony cannot constitute substantial evidence. In considering the ALJ's determination, the Magistrate Judge found that the ALJ's hypothetical was not error as it correctly included all of Plaintiff's limitations. (R&R at 27-28.) The Court agrees

with the Magistrate Judge's analysis in the R&R. Plaintiff's objection to the R&R on this basis is without merit.

## CONCLUSION

Based on the foregoing, and on all the files, records and proceedings herein, the Court OVERRULES Plaintiff's objection [ECF No. 22], and ACCEPTS the R&R [ECF No. 21]. IT IS HEREBY ORDERED THAT:

1. The Plaintiff's objections [ECF No. 22] are DENIED;

2. The R&R [ECF No. 21] is ADOPTED;

3. Plaintiff's Motion for Summary Judgment [ECF No. 13] is DENIED;

4. Defendant's Motion for Summary Judgment [ECF No. 17] is GRANTED;

5. Defendants decision denying Plaintiff's claim for Disability Insurance Benefits is AFFIRMED; and

6. Plaintiff Timothy M.'s Complaint [ECF No. 1] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 18, 2019                                 BY THE COURT:

                                                             s/Nancy E. Brasel
                                                             Nancy E. Brasel
                                                             United States District Judge